

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SC:SSS
F. #2011R01433

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 30, 2014

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mitchell Gerstein
               Criminal Docket No. 12-51 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter pursuant to Section 5K1.1 of the United States Sentencing Guidelines ("Guidelines") in connection with the July 31, 2014, sentencing of the defendant Mitchell Gerstein.  As described below, the defendant's cooperation contributed to the successful prosecution of Mair Faibish, whose check-kiting scheme resulted in bank losses of approximately $26 million and investor losses of more than $6 million.  Based on the substantial assistance that the defendant provided in the investigation and prosecution of Faibish, the government respectfully recommends that the Court, in its discretion, depart downward from the applicable advisory Guidelines range.

I.    Background

      As detailed in the Presentence Investigation Report ("PSR"), the defendant was the chief financial officer of Synergy Brands, Inc., which was a holding company based in Syosset, New York, that operated principally through a wholly owned subsidiary, PHS Group, Inc.  PSR ¶¶ 2, 6.  Synergy was publicly traded on the NASDAQ from June 29, 1998, through October 2, 2008, when it delisted and began trading on the over-the counter exchange.  PSR ¶ 3.

      In September 2009, Homeland Security Investigations ("HSI") agents and Nassau County Police Department officers uncovered a massive check-kiting scheme between Faibish, the CEO of Synergy, and a co-conspirator in Canada.  PSR ¶ 9.  On May 7, 2010, HSI agents led a search of the Synergy offices and seized documents, signed blank checks of other companies, and images of computer hard drives.

The defendant and Faibish filed a Form 10-Q report on behalf of Synergy with the Securities and Exchange Commission for the second quarter of 2008, and that form contained false statements about the amount of Synergy's sales, cost of goods sold and prepaid expenses. PSR ¶ 11.  While the defendant was not involved or even aware of the check-kiting scheme at the time, he admitted to filing the Form 10-Q while knowing that it contained the aforementioned false statements.

For his above-described conduct, on February 29, 2012, the defendant pleaded guilty to a single-count information of conspiring to make false statements on a quarterly report filed with the Securities and Exchange Commission (the "SEC").  PSR ¶ 1.  The defendant's advisory Guidelines range would be 168 to 210 months, but the statutory maximum is 60 months; thus, the advisory Guideline is effectively 60 months.  Add. PSR ¶ 73.

II.     Substantial Assistance

The defendant provided substantial assistance to the government.  On December 16, 2010, seven months after HSI's search of the Synergy offices but before the defendant's arrest, the defendant voluntarily spoke to the government and HSI agents investigating Synergy.  Over several months in 2011 and before ever being charged, the defendant voluntarily met with the government twice more and provided additional valuable information about Faibish and the workings of Synergy.  The defendant admitted over his first several proffer sessions that he knew that there were false statements in a Form 10-Q that he filed, and he cooperated with the HSI agents and provided them with, inter alia, information about (1) Faibish and other employees who worked for Synergy, (2) his own role at Synergy, and (3) Synergy's business and accounting practices.

The defendant accepted complete responsibility for his lies to the SEC in the Form 10-Q and for his role in Faibish's scheme to make false statements to the SEC.  In these meetings with the government, the defendant expressed deep and genuine remorse for his crime.

After waiving indictment and pleading guilty on February 29, 2012, saving the government resources from having to present its case before the grand jury, the defendant met with the government on numerous occasions to provide background information in preparation for Faibish's prosecution, 12-CR-265 (ENV).  During these meetings, the defendant was truthful, forthcoming and cooperative.  Leading up to Faibish's trial, the defendant continued to provide background information about how the company operated, was manipulated by Faibish and alerted the government to an additional witness, Lacey Erickson, who testified during the government's case.  Ms. Erickson was effective because she had no knowledge of the scheme but worked closely with Faibish for a short period of time to unwittingly perpetuate his scheme.  The defendant also provided several documents relating to Ms. Erickson that the government would not have uncovered without his assistance.  Because he was the chief financial officer at Synergy, he was a veritable expert on how the company operated and about standard accounting practices.

2

While the defendant provided truthful and helpful information to the government and was willing to testify at Faibish's trial, his testimony was ultimately not needed because the government decided not to use him as a witness. Thus, the government did not take steps to prepare the defendant to testify as a witness at trial. However, the government did turn over his 3500 material to Faibish, who was convicted at trial. Put simply, the defendant's information assisted the government's successful investigation and trial strategy.

III.  Conclusion

As described above, the defendant provided substantial assistance in the investigation and prosecution of Faibish. Accordingly, the government recommends, pursuant to Section 5K1.1 of the Guidelines, that the Court, in its discretion, depart from the applicable advisory Guidelines range in sentencing the defendant.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/
Sylvia Shweder
Assistant U.S. Attorney
(718) 254-6092

Cc: Ray Perini, Esq. (by ECF and email)
U.S. Probation Officer Sindee Haasnoot (by email)